United States District Court
Southern District of Texas
**ENTERED**
October 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARLON CRAIG TERRY § | | |
| TDCJ-CID NO. 1965291 § | | |
|     Petitioner § | | |
| § | | |
| § | | |
| vs. § | CIVIL ACTION NO. M-16-068 | |
| § | | |
| § | | |
| LORIE DAVIS, DIRECTOR § | | |
| TEXAS DEPARTMENT OF CRIMINAL § | | |
| JUSTICE, C.I.D. § | | |
|     Respondent § | | |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, filed an application for relief pursuant to 28 U.S.C. § 2254, with memorandum of law in support. (Dkt. Entry Nos. 1–2.) Pending before the Court is Respondent's Motion for Summary Judgment with Brief in Support. (Dkt. Entry No. 18.) Pending also is Petitioner's recently filed Motion to Dismiss Petition for Writ of Habeas Corpus, which the undersigned construes as a motion to voluntarily dismiss his claims under Fed. R. Civ. P. 41(a). (Dkt. Entry No. 21.) This case is ripe for disposition on the record.

After careful review of the record and the applicable law, the undersigned respectfully recommends that the Petitioner's Motion to Dismiss his claims under 28 U.S.C. § 2254 be **GRANTED**, his claims be **DISMISSED** without prejudice, Respondent's Motion for Summary Judgment be **GRANTED** only to the extent Respondent moves the Court to dismiss Petitioner's claims for non-exhaustion, and this case be closed.

1

## I. JURISDICTION

The Court has jurisdiction over the subject matter and parties, as Petitioner was convicted in the 332nd District Court of Hidalgo County, Texas.  *See* 28 U.S.C. §§ 2241, 2254.

## II. OVERVIEW

In 2013, Petitioner pleaded guilty to felony possession of marijuana in an amount more than 50 pounds but less than 200 pounds, and he was sentenced to a 10-year term of imprisonment, which the trial court suspended for placement on 10 years of community supervision.  (State Ct. R. at 123–24.)  In 2014, the State filed a motion to revoke Petitioner's community supervision for a host of violations of the terms and conditions of supervision.  (State Ct. R. at 128–30.)  On October 20, 2014, Petitioner pleaded true to a number of the violations and was sentenced to a term of 30 months in prison.  (State Ct. R. at 131–33.)

On July 29, 2015, Petitioner filed a state application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  (State Ct. R. at 96.)  On December 16, 2015, the Texas Court of Criminal Appeals ("TCCA") dismissed the state habeas application because it was noncompliant with Tex. R. App. P. 73.1, which sets forth the required format for state habeas applications.  (State Ct. R. 143.)  Petitioner did not file a new state habeas application in order to cure the deficient pleading;  instead, he proceeded directly to federal court.  (*See* State Ct. R.)

## III. SUMMARY OF THE PLEADINGS

Petitioner raises two claims in his application for relief.  First, he argues that the state court did not give him proper credit for time he had spent in state custody.  Second, Petitioner complains that the state court's reliance at sentencing on a 35 year-old conviction for robbery rendered him

ineligible for mandatory supervision under state law, *see* Tex. Gov't Code §§ 508.149(a); 508.283(c), and Petitioner argues it was unconstitutional to do that.

On July 29, 2016, Respondent filed a Motion for Summary Judgment. (Dkt Entry No. 18.) Respondent argues that Petitioner's claims are barred by the statute of limitations under the Antiterrorism Effective Death Penalty Act ("AEDPA") and that Petitioner does not qualify for equitable tolling. (*Id.* at 4–7.) In the alternative, Respondent argues the claims are unexhausted because Petitioner failed to properly present the claims to the TCCA and should be dismissed for non-exhaustion. (*Id.* at 8–9.)

Not long after that, on August 9, 2016, Petitioner filed a Motion to Dismiss his petition and habeas claims without prejudice. (Dkt. Entry No. 21.) In it, Petitioner acknowledges he did not properly exhaust his claims in state court, as argued by Respondent, and Petitioner asks the Court to dismiss his claims without prejudice so that he can return to state court and properly exhaust his claims. (*See id.*)

## IV. RELEVANT LAW & CONCLUSIONS

Rule 41(a)(2) of the Federal Rules of Civil Procedure is applicable at this juncture because Respondent has already filed a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1).

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise ordered, a voluntary dismissal by court order is without prejudice. *Id.*

The undersigned recommends that the Court permit Petitioner to voluntarily dismiss his § 2254 petition and claims without prejudice. Both parties agree that Petitioner did not exhaust his state remedies. (*See* Dkt. Entry No. 18 at 8–9; No. 21 at 1.) Petitioner's federal habeas claims are

unexhausted under 28 U.S.C. § 2254 because Petitioner did not properly present them to the TCCA for review. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (explaining that the exhaustion requirement under § 2254 is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court, which also requires the petitioner to present his claims in accordance with the court's procedural rules). Petitioner would like the opportunity to pursue and exhaust his claims in state court. (Dkt. Entry No. 21 at 1.) In its Motion for Summary Judgment, Respondent requests (in the alternative) that the Court dismiss Petitioner's claims for non-exhaustion. (*Id.*) In light of the consensus between the parties and the relevant law, the undersigned concludes that Petitioner's motion should be granted and his § claims be dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(2) (explaining that, unless otherwise ordered, a voluntary dismissal by court order is without prejudice); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims.") (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

## V.  CONCLUSION

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's Motion to Dismiss his claims under 28 U.S.C. § 2254 be **GRANTED**, his claims be **DISMISSED** without prejudice, Respondent's Motion for Summary Judgment be **GRANTED** only to the extent Respondent moves the Court to dismiss Petitioner's claims for non-exhaustion, and this case be closed.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 5th day of October, 2016.

_____Dorina Ramos_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE